KATHLEEN E. WELLS, State Bar No. 107051
Attorney at Law
3393 Maplethorpe
Santa Cruz, California 95060
Telephone: (831) 475-1243
Fax: (831) 475-1103
Email: lioness@got.net

Attorneys for Plaintiffs VINCENT PASTORE and JOSEPH LENCHNER

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION – ECF PROGRAM

| | |
|---|---|
| VINCENT PASTORE, and JOSEPH LENCHNER,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTY OF SANTA CRUZ, ROBYN GRANT, TONY FALCONE, KEVIN FITZPATRICK, KENT EDLER and DOES 1-25,<br><br>    Defendants. | Case No. CV<br><br>COMPLAINT FOR DAMAGES FOR VIOLATION OF STATE AND FEDERAL CONSTITUTIONAL RIGHTS; TRESPASS, INVERSE CONDEMNATION; AND CONVERSION<br><br><br>JURY TRIAL DEMANDED |

GENERAL ALLEGATIONS

1.    At all relevant times, plaintiffs VINCENT PASTORE ("PASTORE") and JOSEPH LENCHNER ("LENCHNER") have been and are residents of the County of Santa Cruz.

2.    Defendant COUNTY OF SANTA CRUZ ("COUNTY") is a political subdivision of the State of California.

3.    Plaintiff is informed and believes and alleges thereon that at all relevant times defendants ROBYN GRANT ("GRANT"), TONY FALCONE ("FALCONE"), KEVIN FITZPATRICK ("FITZPATRICK") and KENT EDLER ("EDLER") were individuals employed by COUNTY. All

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

of these defendants are sued herein in both their individual and their official capacities for their unlawful actions herein described under color of state law.

4.   DOES 1 through 25 who are sued herein in both their individual and in their official capacities for their unlawful actions under color of state law, in performing either the unlawful acts hereafter mentioned or related acts not yet mentioned, conspired with each other. Each Defendant is, and was at all relevant times, the agent, employee or representative of each other Defendant; and had the legal duty to oversee the conduct of every other Defendant named or not yet identified.

5.   The names and capacities of Defendants DOES 1 through 25 are unknown to Plaintiffs. Each of these fictitiously named parties has acted as agent of or in concert with the named Defendants in the matters referred to herein, and is responsible in some manner for the damages suffered by Plaintiffs. Plaintiffs will amend this complaint to add the names and capacities of such Defendants when ascertained.

## JURISDICTION AND VENUE

6.   This action arises under the Civil Rights Act of 1871 (42 U.S.C. Sections 1983 and 1988) and the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.  This Court has jurisdiction of the federal claims under 28 U.S.C. Section 1331, 1332, 1343(3) 1343(4), 2201, and 2202.  This court has  pendent jurisdiction over the state claims which arise under California Civil Code sections 1708, 1714, 3333 and 3336; California Government Code sections 815.2 and 945; California Health and Safety Code sections 11362.5 and 11362.7 et seq.; Santa Cruz County Ordinance Title 7, Sections 7.122 and 7.124 et seq.; and California Code of Civil Procedure 52.1 (Banes Act) and the California Constitution, Article 1, Sections 1, 3, 7, 13, 16, 19, and 28, and Article 3, Section 3.5(c). This court is the proper venue in that all of the unlawful acts of defendants occurred within the geographical boundaries of the County of Santa Cruz.  Venue is proper in the Northern District of California, San Jose Division, pursuant to 28 U.S.C. § 1391, in that the subject matter of this action arose in this district, all defendants are subject to personal jurisdiction in this district, and there is no other district in which the action may be brought.

## ALLEGATIONS COMMON TO ALL CLAIMS

7.   In April 2014, FITZPATRICK, FALCONE and GRANT alleged  that COUNTY

had received a citizen complaint or "complaints" regarding the parcels of property that PASTORE owns in a rural part of the County of Santa Cruz.   PASTORE has owned, continuously farmed and paid property taxes on these parcels to COUNTY for more than 15 years.  In fact, as was well known by FITZPATRICK. FALCONE and GRANT at all pertinent times, there are and were no citizen complaints regarding or related to any of Pastore's properties.

8. Pursuant to the affidavit of FITZPATRICK which was based on his purported "information and belief,"  COUNTY was gramted an inspection warrant by Judge Rebecca Connolly ("Judge Connolly") on April 7, 2014, applicable to one of the parcels owned by PASTORE, to wit: parcel number 106-331-13 ("parcel 13").   COUNTY, including EDLER and FALCONE, performed an inspection on April 9, 2014 and purported to find violations, including grading (terracing), water pumping and cannabis cultivation.  COUNTY claimed that there was an imminent threat to the public health and safety because of an alleged fire hazard.  Said allegation was false and COUNTY and the pertinent COUNTY employees knew it was false due to the fact that in 2008 there had been a devastating fire that burned both of PASTORE's parcels to the ground and in April 2014 there was nothing left that could present a fire hazard.  There were fruit trees and grape vines,and an array shed upon which were affixed solar panels on Parcel 13.  COUNTY nonetheless issued an abatement order, covering only parcel 13, despite the fact that Defendants knew the abatement order was based on false allegations.  On May 29, 2014 PASTORE complied in full with the abatement order, including removing the solar panels used for the water pumping system for his fruit tree orchard, grape vines and other crops, from the array shed, and other items COUNTY officials claimed in the abatement order were unlawful, from their placement and loaded them on to a trailer.  The solar electrical system had been code compliant and included all of the COUNTY required fuses, breakers and wire sizes, when they were installed on Parcel 13.  None of the solar panels or other items removed from the ground or fixtures, was in use, as was obvious to any who observed them, but were simply being temporarily placed on the trailer.  This trailer remained on Parcel 13 but was located 250 feet away from the array shed.

9   On June 2, 2014 COUNTY and its agents entered onto Parcel 13 for further inspection.  COUNTY and its agents also unlawfully entered onto parcel number 106-331-12 (" Parcel 12"), another parcel owned by PASTORE, for which parcel COUNTY had no inspection warrant or search warrant.  During this inspection of Parcels 12 and 13, despite the fact that PASTORE had complied with the abatement order, COUNTY employees removed all of the solar

panels from the trailer and confiscated all of PASTORE's personal property located on either Parcel 12 or 13. The water pump controller was also confiscated by COUNTY on June 2, 2014 along with the solar panels. Ironically the COUNTY claimed that these items were a fire hazard when in fact, they removed the only way to generate the water to fight a fire. COUNTY employees additionally entered without a warrant onto parcel 12 and confiscated other property of PASTORE, including more solar panels, batteries, wiring and a back-up generator. COUNTY kept the property for 88 days while PASTORE's trees, grapes and cover crops withered and died in the sun.

10.     On September 17, 2014, PASTORE filed a claim with COUNTY for his damages due to the trespass, theft, and deprivation of property caused by COUNTY employees/agents on or about June 2, 2014. This claim was denied on October 23, 2014. PASTORE also filed an administrative appeal with the COUNTY planning department. PASTORE's administrative appeal proceeded to an administrative hearing at which time his appeal was denied. PASTORE filed a timely de novo judicial appeal from the denial of his administrative appeal. Subsequently, Judge Paul M. Marigonda ("Judge Marigonda") granted COUNTY's motion to strike this judicial appeal. Judge Marigonda's order striking this judicial appeal is not yet final.

11.     On April 9, 2014, the COUNTY also issued another abatement order claiming a Public Nuisance and ordering PASTORE to abate all cannabis growing on the property within 10 days. Despite the fact that the marijuana plants were being grown lawfully under California law by a friend of PASTORE with all of the necessary required recommendations, PASTORE removed all of the cannabis plants within a week. Thereafter PASTORE and two other legitimate medical marijuana patients, including LENCHNER, each planted 10 personal medical marijuana plants on parcel 13. Said plants were compliant with State and COUNTY codes.

12.     On or about August 19 or 20, 2014, GRANT and other COUNTY employees, including members of the COUNTY planning department and sheriff's deputies, unlawfully trespassed on PASTORE's property and destroyed all 30 of the lawfully grown medical cannabis plants grown by PASTORE and LENCHNER. On September 17, 2014, PASTORE also filed a claim for damages with COUNTY for the August 2014 trespass and destruction of his property. Said claim was denied on October 23, 2014. LENCHNER additionally filed a timely tort claim for the destruction of his property which was denied on January 13, 2015.

13.     Concurrent with the foregoing unlawful activities, COUNTY agents contacted the state

*Pastore, et al. vs. County of Santa Cruz, et al.,*
Case No. CV

Complaint for Damages

-4-

Department of Forestry and Fire Protection ("DFFP") and requested an inspection of PASTORE's parcel 13. PASTORE is informed and believes and alleges thereon that COUNTY agents solicited a complaint of DFFP falsely alleging that PASTORE had performed unlawful "timber operations" on his property. Said accusation was false and the COUNTY agents knew it was false.

14.   COUNTY initiated criminal prosecution of PASTORE for marijuana cultivation and timber harvesting. Said criminal prosecution is still pending.

15.   On September 4, 2014 COUNTY has an application for an order to show cause alleging six counts of indirect criminal contempt. Judge Connolly issued the order to show cause, and renewed such order to show cause when there was difficulty in serving PASTORE with the first order to show cause. PASTORE was convicted of all six counts of indirect criminal contempt by Judge Marigonda. Judge Marigonda sentenced PASTORE to 5 days in jail for each count, but through a combination of consecutive and concurrent sentencing, required PASTORE to serve 15 days of actual jail time, which PASTORE in fact served. In addition, PASTORE was sentenced to pay a fine(s), which has not yet been paid, and to pay an attorneys fee award to COUNTY, which attorneys fee award has not yet been paid. PASTORE has appealed these contempt convictions and the appeal(s) is/are still pending.

16.   On April 7, 2015, FALCONE informed PASTORE that he (PASTORE) could not pump water from the permitted well on his property unless he first builds a permitted residence. The parcels have a long, steep and narrow access road to any building sites on the property. Given the terrain, it is highly unlikely that COUNTY would ever allow PASTORE to build a residence on either of the parcels. PASTORE's properties are zoned residential/agricultural and such zoning calls for agriculture as a primary use of the property. COUNTY and its agents have unlawfully deprived PASTORE of any viable use of his properties including use as a non-commercial family farm.

17   Additionally, EDLER has falsely claimed that PASTORE made bench terraces on 3 acres of his 20 acre parcels. Pursuant to this false allegation, COUNTY filed for a preliminary injunction against PASTORE claiming that said activity was an imminent and emergent threat to public health and safety due to erosion and environmental damage (water quality of a proximate creek with allegedly consequent aggravation of conditions affecting a threatened species of fish). All of these claims of harm or risk were falsely alleged by COUNTY and its agents as the terracing on PASTORE's parcels are clearly legal according to COUNTY code, and were known to be legal by COUNTY and COUNTY agents. The purpose of grading was for family farming and the terraces

*Pastore, et al.  vs. County of Santa Cruz, et al.,*
Case No. CV                                                   Complaint for Damages

-5-

are exempt from the COUNTY permitting process.  A cut less than five feet and fill less than 2 feet needs no permit under COUNTY code.  Despite the legality of PASTORE's actions, COUNTY is pursuaing its civil and criminal litigation against PASTORE and is thereby continuing to prevent PASTORE from making lawful use of his real property.  COUNTY has demanded that PASTORE remove all personal property from his parcels.  COUNTY also is seeking in the civil litigation fines of $2500 per day for his alleged failure to restore the land to its former ungraded condition.

18.   PASTORE is informed and believes, and alleges thereon that COUNTY and its agents are harassing him in retaliation for previous lawsuit of PASTORE against COUNTY which resulted in a financial settlement for unlawful destruction of medical marijuana plants growing on his property.

**FIRST CLAIM FOR RELIEF**

**Violation of Constitutional Rights**

**Title 42 Section 1983**

**Retaliation for Exercise of First and Fourteenth Amendment Right to**

**Petition Government for Redress of Grievance**

**Retaliation for Exerice of California Constitution (Article I, Section 3)**

**Right to Petition Government for Redress of Grievance**

**Pastore v. All Defendants**

19.   Plaintiffs incorporate herein by reference the allegations in paragraphs 1-18 above.

20.   Defendants, acting in concert, singled out Plaintiff PASTORE for harassment including falsely accusing and charging him with having performed unlawful acts, both civil and criminal, in relation to properties owned by Plaintiff PASTORE in the County of Santa Cruz.

21.   Defendants, in doing so, singled out Plaintiff PASTORE in furtherance of their plan of retaliation against him due to plaintiff's exercise of his constitutionally protected right to bring legal action against COUNTY and COUNTY employees for violation of his California property rights. Defendants acted in bad faith with the intent to injure plaintiff motivated by malice, vengeance and a hostility to the exercise of constitutional rights that may result in embarrassment to COUNTY and some of its errant employees..

22.   COUNTY's failure to hire competent personnel, failure to train employees in the law regarding plaintiffs' property rights and failure to train personnel, including the individual Defendants herein, in the proper methodology for dealing with land use issues, resulted in the

*Pastore, et al.  vs. County of Santa Cruz, et al.,*
Case No. CV                                    Complaint for Damages

-6-

constitutional injuries to plaintiff and said injuries would have been avoided had COUNTY hired competent personnel and properly trained Defendant employees.

23.  As a direct and proximate result of the defendants' arbitrary and malicious retaliatory harassment of plaintiff as described in detail herein above,  plaintiff has suffered damages including, but not limited to, monetary fines, legal fees and costs, incarceration, loss/destruction of personal property, diminution in the value of his properties, and severe physical and emotional distress.

24.  PASTORE is entitled to compensatory damages against all Defendants and exemplary damages against all individual Defendants, according to proof.

**SECOND CLAIM FOR RELIEF**
**Denial of Fourteenth Amendment Equal Protection**
**Title 42  Section 1983**
**Pastore v. All Defendants**

25.  Plaintiffs hereby incorporate by reference the allegations of paragraphs  I through 24 as though  fully set forth herein.

26.  Defendants, acting in concert, singled out PASTORE by invidiously discriminating against him treated PASTORE adversely compared to others similarly situated due solely to an illegitimate animus against PASTORE.  Defendants singled out plaintiff in furtherance of their plan of retaliation against them due to PASTORE's exercise of his constitutionally protected right to bring legal action against the COUNTY and COUNTY employees for violation of his California property rights.  Defendants acted in bad faith with the intent to injure plaintiff.  These actions were part of Defendants' orchestrated plan to carry out a campaign of official harassment against PASTORE  motivated by malice, vengeance and a deep seated hostility to the exercise of constitutional rights that may embarrass COUNTY or errant COUNTY employees.

27.  COUNTY's failure to hire competent personnel, failure to train its defendant employees in the law regarding plaintiffs' property rights and failure to train personnel, including the individual Defendants herein, in the proper methodology for dealing with land use issues resulted in the constitutional injuries to plaintiff and said injuries would have been avoided had COUNTY hired competent personnel and properly trained COUNTY employees.

28.  As a direct and proximate result of Defendants' arbitrary and malicious actions, as described in detail herein above, plaintiff has suffered damages including, but not limited to, deprivation of any viable use of his properties, a diminution in the value of his properties, the inability to sell either property; the incurrence of expenses for attorneys, experts, court costs, loss of time, resources and income in defending themselves, and severe physical and emotional distress.

### THIRD  CLAIM FOR RELIEF
### Inverse Condemnation (Taking)
### Fifth and Fourteenth Amendments to U.S. Constitution
### California Constitution (Article I, Section 19)
### Pastore v. County of Santa Cruz

29.  Plaintiffs incorporate herein by reference the allegations in paragraphs 1-28 above.

30.  The Fifth Amendment to the United States Constitution, as incorporated into the Due Process Clause of the Fourteenth Amendment, and Article I, section 19, of the California Constitution  prohibits  the taking, including the temporary or permanent deprivation  of private property, for a public  use  without  just  compensation, where such deprivation amounts to the abridgement or destruction, by reason of the actions of the governmental body, of the lawful rights of an individual to the possession, use or enjoyment of his land.  It has also been held that an undue restriction on the use of property is a taking for constitutional purposes as is an appropriation or destruction.

31.  The intentional actions of COUNTY has unconstitutionally damaged plaintiffs' property interests and for that reason constitute a violation of the constitutional ban on taking without just compensation.

32.  Furthermore, the federal and California constitutional Taking Clauses are violated by there being no legitimate public use that has been or is being served by the COUNTY's conduct.

33.  PASTORE alleges  that these intentional actions  of defendant  constituted  a direct, substantial,  and peculiar burden  on PASTORE's  property  interests  and a taking  of PASTORE's property  without  payment  of just  compensation in violation  of the federal and California  Constitution.

34.  As a direct and proximate result of COUNTY's actions, PASTORE  has suffered damages including, but not limited to, a diminution in the value of his properties, unlawful

issuance and recording of notices against the properties, inability to obtain permits, incurrence of expenses for attorneys, experts, court costs, loss of time, resources and income in defending his property rights. Said damages for which COUNTY is liable is limited to compensatory damages in an amount to be established by proof at trial.

**FOURTH CLAIM OF RELIEF**

**Violation of Substantive and Procedural Due Process**

**Due Process Clause of Fourteenth Amendment to U.S. Constitution**

**Due Process Clauses of California Constitution, Article I, Sections 7 and 15**

**Pastore v. All defendants**

35. Plaintiffs incorporate by reference the allegations in Paragraphs 1-34 above.

36. Pastore possesses a constitutionally protected property interest and defendants intentionally deprived him of that interest without procedural or substantive due process of law.

37. Defendants violated his procedural due process rights by depriving him of his property without notice and without an opportunity for a meaningful hearing.

38. Defendants, in depriving Pastore of his constitutionally protected property interest, as described herein in detail above, engaged in conduct that was arbitrary and conscience shocking in violation of his substantive due process rights.

39. As a direct and proximate result of defendants' actions, PASTORE has suffered damages including, but not limited to, a diminution in the value of his properties, unlawful issuance and recording of notices against the properties, inability to obtain permits, incurrence of expenses for attorneys, experts, court costs, loss of time, resources and income in defending his property rights.

40. PASTORE is entitled to compensatory damages against all Defendants and exemplary damages against all individual Defendants, according to proof.

**FIFTH CLAIM OF RELIEF**

**Violation of State Constitutional Rights**

**Bane Act CCP 52.1 (b)**

**Pastore v. All defendants**

41. 35. Plaintiffs incorporate herein by reference the allegations in Paragraphs 1-40 above.

42. As described herein above in detail, Defendants violated PASTORE's civil rights,

*Pastore, et al. vs. County of Santa Cruz, et al.,*
Case No. CV

Complaint for Damages

-9-

guaranteed by the United States Constitution, federal law, the California Constitution and the laws of the State of California thereby violating California Civil Code Section, and 52.1(a) and (b).

43.  Defendants completed acts as described herein above that interfered with his constitutional rights to be free from unlawful deprivation of his property, unlawful harassment,  and unwarranted prosecution, both civil and criminal.

44.  As a proximate result of the aforementioned acts of Defendants, PASTORE suffered damages in a sum according to proof, and is entitled to the damages, statutory damages, treble damages, attorney's fees and costs provided for by Civil Code sections 52 and 52.1.

## SIXTH CLAIM OF RELIEF

### Trespass

### Pastore v. All Defendants

45. Plaintiffs incorporate herein by reference the allegations in Paragraphs 1-44 above.

46.As described herein above, these defendants intentionally and recklessly entered onto PASTORE's property based on false and perjurious claims.  PASTORE at no time gave these defendants permission to enter onto his land.  Defendants entered onto PASTORE's Parcel 13 based on a warrant that was unlawfully obtained through an affidavit with knowingly false allegations. Defendants entered onto PASTORE's Parcel 12 without a warrant or permission.

47.  PASTORE was harmed by the trespass and these defendants were the proximate cause of the harm.  PASTORE is entitled to compensatory damages against all Defendants and exemplary damages against all individual Defendants, according to proof.

## SEVENTH CLAIM FOR RELIEF

### Conversion

### Plaintiffs v. Defendants

48.Plaintiffs incorporate herein by reference the allegations in paragraphs 1-47 above.

49.Defendants intentionally interfered with plaintiffs' property, to wit:  their lawfully growing medical marijuana plants, by destroying them.  Defendants also intentionally and substantially interfered with PASTORE's property including his solar panels and equipment that

allowed him to pump water to sustain his family farm by taking the property and refusing to return it until after 88 days had passed.

50. Plaintiffs did not consent to the destruction/taking of their property.

51. Plaintiffs sustained harm by the defendants' destruction of their property in that they were deprived of their medical marijuana. PASTORE sustained harm by the defendants' taking of his property including the destruction of his crops on his family farm due to lack of water.

52. The harm to plaintiffs, herein described, was proximately caused by defendants' unlawful actions. Plaintiffs are entitled to compensatory damages against all Defendants and exemplary damages against all individual Defendants, according to proof.

<strong>JURY TRIAL DEMAND</strong>

53. Plaintiffs demand a jury trial.

<strong><u>PRAYER</u></strong>

**WHEREFORE,** plaintiffs pray for judgment against the defendants, and each of them, as follows:

A.  Compensatory damages according to proof;

B.  Punitive damages against the individual defendants according to proof;

C.  Statutory damages including attorney's fees;

D.  Costs of suit; and

E.  For such other and further relief as the court deems appropriate.

Dated:  April 23, 2015          _____/s/___Kathleen E. Wells_____
                                Attorney for plaintiffs VINCENT PASTORE and
                                JOSEPH LENCHNER