UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VINCENT PASTORE,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF SANTA CRUZ, et al.,<br><br>    Defendants. | Case No.  15-cv-01844-EJD<br><br>**ORDER NOTIFYING PLAINTIFF OF INTENT TO SUA SPONTE DISMISS TAKINGS CLAIM; PERMITTING RESPONSE** |

Pending before the Court is Defendants' motion to dismiss Plaintiff's Second Amended Complaint ("SAC"). *See* Mot., ECF No. 64. One of the claims at issue asserts a taking in violation of the Fifth Amendment to the United States Constitution. *See* SAC ¶¶ 30–35. The Court previously dismissed the same claim and provided leave to amend only to the extent Mr. Pastore could allege that he had been applied for and been denied a permit to build a residence on the properties at issue. *See* FAC Order 17, ECF No. 61. The SAC does not add any allegation regarding a residence, but does now allege that Mr. Pastore applied for and was denied electrical and solar permits in 2010. *See* SAC ¶ 17. Although this new allegation goes beyond the scope of the Court's instruction in the FAC Order, the Court intends to consider the alleged permit denials.

The parties do not discuss the statute of limitations with respect to any claim, but it appears to the Court from the face of the new allegation that any takings claim based on the permit denials is barred under the applicable two-year statute of limitations, as Mr. Pastore did not initiate this lawsuit until April 23, 2015. *See Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1026 (9th Cir. 2007) ("It is well-established that claims brought under § 1983

Case No.: 15-cv-01844-EJD
ORDER RE: INTENDED SUA SPONTE DISMISSAL

1

borrow the forum state's statute of limitations for personal injury claims, and in California, that limitations period is two years.") (internal citations omitted).  "A trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim, but the court must give notice of its *sua sponte* intention to invoke Rule 12(b)(6) and afford plaintiffs 'an opportunity to at least submit a written memorandum in opposition to such motion.'"  *Wong v. Bell*, 642 F.2d 359, 361–62 (quoting *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979)).

The Court hereby notifies Mr. Pastore that it intends to *sua sponte* dismiss the takings claim based on the alleged permit denials on the ground that it is time-barred under the statute of limitations.  Should Mr. Pastore wish to respond to this notice, he may file an opposition memorandum of no more than three pages within 10 days of the entry of this order, *i.e.*, no later than Tuesday, May 28, 2024.  The memorandum shall address only the statute of limitations issue raised by the Court in this order.

**IT IS SO ORDERED.**

Dated: May 17, 2024

EDWARD J. DAVILA
United States District Judge

Case No.: 15-cv-01844-EJD
ORDER RE: INTENDED SUA SPONTE DISMISSAL
2