UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VINCENT PASTORE,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF SANTA CRUZ, et al.,<br><br>    Defendants. | Case No.   15-cv-01844-EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT WITHOUT LEAVE TO AMEND IN PART AND WITH LEAVE TO AMEND IN PART**<br><br>Re: ECF No. 64 |

Plaintiff Vincent Pastore ("Plaintiff") filed a Second Amended Complaint (the "SAC") in this action on April 1, 2024. *See* SAC, ECF No. 63.[1] Now pending before the Court is Defendants County of Santa Cruz (the "County"), Robyn Bolster-Grant, Tony Falcone, Kevin Fitzpatrick, and Kent Edler's (collectively with the County, "Defendants") Motion to Dismiss Plaintiff's SAC (the "Motion"). *See* Mot., ECF No. 64. The Court finds the Motion suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons given below, the Court GRANTS the Motion without leave to amend in part and with leave to amend in part.

**I.    BACKGROUND**

    **A.    Factual Allegations[2]**

        **1.    Inspection and Abatement Orders**

This action concerns two parcels owned by Mr. Pastore in a rural part of Santa Cruz

---

[1] The SAC includes a co-plaintiff, Joseph Lenchner, who is now deceased and whose claims the Court previously dismissed with prejudice. *See* FAC Order 1 n.1, ECF No. 61.

[2] The following factual background is taken in large part from the FAC Order.

Case No.: 15-cv-01844-EJD
ORDER GRANTING MOT. DISMISS SECOND AM. COMPL.
1

1   County: Parcel No. 106-331-12 ("Parcel 12") and Parcel No. 106-331-13 ("Parcel 13" and, with

2   Parcel 12, the "Properties").  *See* SAC ¶¶ 8–10.  Mr. Pastore has owned, continuously farmed, and

3   paid taxes on the Properties for more than 15 years.  *See id.* ¶ 8.

4           In early April 2014, Mr. Fitzpatrick submitted an affidavit in support of a property

5   inspection warrant in which he asserted, on information and belief, that the County had received

6   one or more citizen complaints about the Properties.  *See id.* ¶¶ 8–10.  On April 7, 2014, the

7   County received a warrant to inspect Parcel 13.  *See id.* ¶ 9.  On April 9, 2014, Mr. Edler and Mr.

8   Falcone, on behalf of the County, performed an inspection and claimed multiple violations,

9   including grading, water pumping, and cannabis cultivation.  *See id.*  The County then issued an

10  abatement order on April 9, 2014, requiring Mr. Pastore to remove various items on Parcel 13,

11  including solar panels affixed to an "array shed."  *See id.*; *see also* Decl. of Ryan Thompson

12  ("Thompson Decl."), Exh. B, at 1 (describing "Order to Abate" issued by the County on April 9,

13  2014), ECF No. 64-1.  The County additionally issued an abatement order on May 27, 2014,

14  declaring the parcel a public nuisance and requiring Mr. Pastore to abate all cannabis growing on

15  the property within 10 days.  *See* SAC ¶ 11; *see also* Thompson Decl., Exh. C, at 1 (describing

16  abatement order issued on May 27, 2014), ECF No. 64-1.

17          With respect to the abatement order requiring the removal of items from Parcel 13, Mr.

18  Pastore alleges that he removed the solar panels and other listed items and loaded them onto a

19  trailer as a temporary placement, and that he had fully complied with the abatement order by May

20  29, 2014.  *See* SAC ¶ 9.  Mr. Pastore maintains that none of the removed items were in use, and

21  that the trailer remained on Parcel 13 but was located 250 feet away from the array shed.  *See id.*

22  With respect to the public nuisance abatement order, Mr. Pastore alleges that he removed all of the

23  cannabis plants within a week of the issuance of the abatement order, even though the plant

24  cultivation was lawful.  *See id.*  He further alleges that he and two other individuals—all three of

25  whom were medical marijuana patients—each subsequently planted 10 personal medical

26  marijuana plants on Parcel 13 in a manner compliant with state and local codes.  *See id.*

27

28  Case No.: 15-cv-01844-EJD
    ORDER GRANTING MOT. DISMISS SECOND AM. COMPL.
    2

### 2. Further Government Actions

On June 2, 2014, County employees conducted a further investigation of Parcel 13. *See* SAC ¶ 10. Mr. Pastore alleges that the inspectors also entered Parcel 12 without a warrant to inspect or search the premises. *See id.* The County employees confiscated all of Mr. Pastore's personal property on Parcels 12 and 13, including the solar panels Mr. Pastore had placed in the trailer and a water pump controller. *See id.* The items confiscated from Parcel 12 included batteries, wiring, a back-up generator, and additional solar panels. *See id.* Mr. Pastore alleges that the County kept his property for 88 days, and that various trees, grapes, and cover crops on the Properties died during this time. *See id.*

On or about August 19 or 20, 2014, County employees destroyed the 30 medical marijuana plants growing on Parcel 13. *See* SAC ¶ 13. Mr. Pastore alleges that "[c]oncurrent with" these August 2014 events, County employees contacted the California Department of Forestry and Fire Protection ("DFFP") and requested an inspection of Parcel 13. *See id.* DFFP subsequently alleged that Mr. Pastore had performed unlawful timber operations on Parcel 13; Mr. Pastore alleges that this charge was false and that the County solicited the complaint from DFFP despite knowing it was false. *See id*.

On April 7, 2015, Mr. Falcone informed Mr. Pastore that a permitted residence was required to pump water from the existing permitted well. *See id.* ¶ 16. The Properties are zoned as residential/agricultural, with agriculture as a primary use for the Properties. *See id.* ¶ 17. Mr. Pastore alleges that the terrain on the Properties would require a "long, steep[,] and narrow access road to any building sites" such that it is "highly unlikely that the [County] would ever allow [Mr. Pastore] to build a residence on either" parcel. *See id.* Accordingly, Mr. Pastore alleges, the County and its agents have deprived Mr. Pastore of "any viable use of his [P]roperties[,] including use as a non-commercial family farm." *See id.*

### 3. Administrative Appeals of Code Enforcement Actions

#### a. Abatement Order Issued on April 9, 2014

Mr. Pastore appealed the abatement order issued on April 9, 2014, and appeared for a

Case No.: 15-cv-01844-EJD
ORDER GRANTING MOT. DISMISS SECOND AM. COMPL.
3

1   hearing on the appeal on July 24, 2014.  *See* Thompson Decl., Exh. B, at 1.  The administrative

2   hearing officer considered the submitted documentary and oral evidence and found that the

3   County had issued a valid abatement order after properly determining the existence of a public

4   nuisance. *See id.* at 1–2.

### b. Abatement Order Issued on May 27, 2014

6   One of the occupants of Parcel 13 appealed the May 27, 2014 abatement order, and on

7   May 29, 2014, an administrative hearing officer affirmed the abatement order and provided the

8   property holders with additional time to comply with the order.  *See* Thompson Decl., Exh. C, at 2.

9   The County then held two further administrative hearings regarding the order on September 25,

10  2014 and November 20, 2014.  *See id.* at 1.  Mr. Pastore was present at the September 25, 2014

11  hearing.  *See id.*  The administrative hearing officer received witness testimony and evidence and

12  subsequently found that the County's removal of property from Parcel 13 on June 2, 2014 was

13  authorized as a nuisance abatement.  *See id.* at 2.

### 4. Mr. Pastore's History with the County

15  On or about May 13, 1998, Mr. Pastore filed a complaint in the Northern District of

16  California against the County, asserting that the County had unlawfully searched his properties

17  and seized his person and properties.  SAC ¶ 7.  The case was styled 5:98-cv-20495-JW.  *Id.*  The

18  parties settled the case, and the County paid $35,000 to Mr. Pastore.  *See id.*

19  On or about June 27, 2008, Mr. Pastore filed a complaint in the Santa Cruz County

20  Superior Court against the County, asserting that the County had unlawfully destroyed his

21  property.  *Id.*  The parties settled that suit, and the County paid $13,000 to Mr. Pastore.  *Id.*

22  In 2010, Mr. Pastore applied for an electrical permit to pump water through a permitted

23  well on his property, which was zoned for agricultural purposes.  *See* SAC ¶ 17.  The County

24  denied the permit.  *Id.*  Mr. Pastore then applied for a solar permit for the same purposes, which

25  was also denied.  *Id.*  Mr. Pastore alleges that the County issued its denials without making written

26  findings based upon substantial evidence in the record, as required by California Government

27  Code § 65850.5, determining that the proposed installation would have a specific, adverse impact

Case No.: 15-cv-01844-EJD
ORDER GRANTING MOT. DISMISS SECOND AM. COMPL.
4

1  upon public health or safety, and that there is no feasible method to satisfactorily mitigate or avoid
2  the specific, adverse impact. *Id.* Mr. Pastore further alleges that the denials unlawfully deprived
3  him of any viable use of his properties, including as a non-commercial family farm. *Id.*

4  Mr. Pastore alleges that Defendants' actions challenged in this lawsuit were undertaken in
5  retaliation for the previous lawsuits against the County, which resulted in financial settlements in
6  Mr. Pastore's favor. *See* SAC ¶ 18. Mr. Pastore alleges that at the time of Defendants' conduct,
7  there were at least six other vacant parcels accessible from the same road as his parcels—
8  specifically, Parcel Nos. 106-331-06, 106-331-07, 106-331-08, 106-331-16, 106-331-22, and 106-
9  331-24—that, like Mr. Pastore's Parcels, had similar zoning restrictions, no permitted residences
10 or occupancy permits, lacked fire hydrants or septic systems, unpermitted grading, used generators
11 for power and propane for cooking, were utilized to cultivate cannabis, and had no citizen
12 complaints. *See id.* ¶ 26. The County did not engage in actions in actions against those parcels
13 similar to the actions taken with respect to Mr. Pastore's Parcels. *Id.*

### 5. Prior Legal Proceedings Related to Challenged Conduct

#### a. Civil Proceedings

16 On September 17, 2014, Mr. Pastore filed claims with the County for damages based on
17 the June 2, 2014 inspection, which Mr. Pastore alleged constituted trespass, theft, and deprivation
18 of property, and the August 2014 events, which he alleged constituted trespass and destruction of
19 property. *See id.* ¶¶ 11, 13. The County denied both claims on October 23, 2014. *See id.* Mr.
20 Pastore then filed an administrative appeal with the County's planning department with respect to
21 the claim based on the June 2014 events; the appeal was denied following an administrative
22 hearing. *See* SAC ¶ 11. Mr. Pastore alleges that the administrative hearing was presided over by a
23 close friend of counsel for the County, and that he had made a timely request to disqualify the
24 presiding individual which was denied. *See id.* Mr. Pastore next filed a judicial appeal from the
25 denial of the administrative appeal, which the County successfully moved to strike. *See id.*

#### b. Criminal Proceedings

27 On June 24, 2014, the Santa Cruz County District Attorney's Office filed criminal charges

28 Case No.: 15-cv-01844-EJD
ORDER GRANTING MOT. DISMISS SECOND AM. COMPL.
5

against Mr. Pastore for marijuana cultivation and timber harvesting. *See* SAC ¶ 15; Thompson Decl., Exh. A. At some point over the course of the proceedings, Mr. Pastore was found to be in criminal contempt and served 15 days of jail time. *See* SAC ¶ 16. In October 2017, Mr. Pastore was convicted by a jury of the following four misdemeanor counts under County regulations: (1) grading without a permit; (2) development activity within a riparian corridor without a permit; (3) land clearing; and (4) construction without a permit. *See* Thompson Decl., Exh. E. Mr. Pastore was sentenced to 210 days of jail time and placed on conditional probation. *See id.* at Exh. F. On November 30, 2021, the Santa Cruz County Appellate Division affirmed the criminal convictions. *See id.* at Exh. G.

### B. Procedural History

Mr. Pastore filed this suit on April 23, 2015. *See* Compl., ECF No. 1. On November 4, 2015, the Court granted the Defendants' unopposed motion to stay proceedings in this action pending a final ruling in four related state actions, and administratively closed the case. *See* ECF No. 32. Mr. Pastore sought to reopen the case in January 2022, following the Santa Cruz County Appellate Division's November 2021 order affirming Mr. Pastore's criminal convictions. *See* ECF No. 34. Defendants objected to Mr. Pastore's request on the ground that the action is barred following Mr. Pastore's criminal convictions based on the same underlying events. *See, e.g.*, ECF No. 36.

Due to health issues of counsel and a resulting substitution of counsel, no action was taken on the issue of reopening the case until April 13, 2023, when the Court held an initial case management conference and required Mr. Pastore to file his proposed amended complaint. *See* ECF Nos. 38, 44, 52. Mr. Pastore filed the operative FAC that same day, alleging the following seven claims for relief: (1) retaliation for exercise of federal and California constitutional rights in violation of 42 U.S.C. § 1983; (2) deprivation of the Fourteenth Amendment right to equal protection in violation of 42 U.S.C. § 1983; (3) inverse condemnation (taking) in violation of the Fifth Amendment to the United States Constitution and Article I, Section 19 of the California Constitution; (4) deprivation of substantive and procedural due process in violation of the

Case No.: 15-cv-01844-EJD
ORDER GRANTING MOT. DISMISS SECOND AM. COMPL.
6

1   Fourteenth Amendment to the United States Constitution and Article I, Sections 7 and 15 of the

2   California Constitution; (5) deprivation of California constitutional rights in violation of the Bane

3   Act, Cal. Civil Code § 52.1.(b); (6) trespass; and (7) conversion.  *See* FAC ¶¶ 18–51, ECF No. 51.

4   Defendants moved to dismiss the FAC, *see* ECF No. 55, and the Court granted the motion on

5   March 11, 2024, *see* FAC Order, ECF No. 61.  The Court dismissed all federal claims, providing

6   leave to amend except for the claim for violation of the Fourteenth Amendment right to

7   substantive due process, and dismissed the state law claims without prejudice for lack of subject

8   matter jurisdiction.  *See* FAC Order 24.

9       Mr. Pastore timely filed the operative SAC on April 1, 2024.  The SAC asserts the same

10  claims as the FAC, except for the claim for deprivation of state constitutional rights in violation of

11  the Bane Act.  *Compare* SAC ¶¶ 19–49, *with* FAC ¶¶ 18–51.  Defendants filed the instant Motion

12  on April 15, 2024.  Mr. Pastore filed an opposition on April 29, 2024, and Defendants filed a reply

13  on May 6, 2024.  *See* Opp'n, ECF No. 58; Reply, ECF No. 59.

14  **II.     LEGAL STANDARD**

15      Under Federal Rule of Civil Procedure 12(b)(6), a court must dismiss a complaint if it fails

16  to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion, a plaintiff

17  must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

18  *Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when the plaintiff pleads facts

19  permitting the court to "draw the reasonable inference that the defendant is liable for the

20  misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  The

21  allegations must show "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

22      When determining whether a claim has been stated, a district court's review is limited to

23  the face of the complaint and judicially noticeable information. *MGIC Indem. Corp. v. Weisman*,

24  803 F.2d 500, 504 (9th Cir. 1986); *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th

25  Cir. 1983).  The court must accept as true all well-pleaded factual allegations and construe them in

26  the light most favorable to the plaintiff.  *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 690 (9th

27  Cir. 2011).  But the court need not "accept as true allegations that contradict matters properly

28  Case No.: 15-cv-01844-EJD
ORDER GRANTING MOT. DISMISS SECOND AM. COMPL.

subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted).

### III.     REQUEST FOR JUDICIAL NOTICE

Defendants request the Court take judicial notice of eight documents consisting of criminal complaints, decisions, and orders pertaining to this action that were issued by administrative hearing officers and the Santa Cruz County Superior Court, as well as a section of the Santa Cruz County Code. *See Mot.* 19–20. Mr. Pastore does not oppose the request. *See generally* Opp'n. The Court took judicial notice of each of these eight documents in evaluating Defendants' motion to dismiss the FAC, and likewise GRANTS the request here for the same reasons. *See* FAC Order 6–7. Namely, the Court may judicially notice each document at issue—though not any disputed facts therein—because the documents are government-issued and matters of public record. *See, e.g.*, *Diamond S.J. Enterp., Inc. v. City of San Jose*, 395 F. Supp. 3d 1202, 1217–18 (N.D. Cal. 2019) (taking judicial notice of city and county records and decisions because "[p]ublic records, including judgments and other publicly filed documents, are proper subjects of judicial notice") (citing *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007); *Madani v. County of Santa Clara*, No. 16-CV-07026, 2017 WL 1092398, at *4 ("The . . . appeals to the Santa Clara County Personnel Board, and the transcript of the hearing before the Santa Clara County Personnel Board are records of state and county administrative agencies that are judicially noticeable.") (citing *United States v. 14.02 Acres*, 547 F.3d 943, 955 (9th Cir. 2008)); *Soublet v. County of Alameda*, No. 18-cv-03738, 2019 WL 12517063, at *16 n.8 (finding county code section proper subject of judicial notice) (N.D. Cal. Dec. 6, 2019) (citing *City of Sausalito v. O'Neill*, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004)).

### IV.     DISCUSSION

Mr. Pastore asserts six claims against Defendants: (1) retaliation for exercise of the right to petition government for redress under the First Amendment to the United States Constitution and Article I, Section 3 of the California Constitution; (2) deprivation of the Fourteenth

Case No.: 15-cv-01844-EJD
ORDER GRANTING MOT. DISMISS SECOND AM. COMPL.
8

Amendment right to equal protection in violation of 42 U.S.C. § 1983; (3) inverse condemnation (taking) in violation of the Fifth Amendment to the United States Constitution and Article I, Section 19 of the California Constitution; (4) deprivation of substantive and procedural due process in violation of the Fourteenth Amendment to the United States Constitution and Article I, Sections 7, 15 of the California Constitution; (5) trespass; and (6) conversion. *See* SAC ¶¶ 19–49.

Defendants argue that the SAC must be dismissed in its entirety because Mr. Pastore has not alleged facts sufficient to state any of the six asserted claims. *See* Mot. 6–16. Defendants additionally argue that the SAC fails to state a claim against the County under the requirements of *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), *see* Mot. 17, and that Plaintiff's claims under the California Constitution are precluded, *see id.* at 17–18. Lastly, Defendants argue that the SAC is barred under the doctrine established in *Heck v. Humphrey*, 512 U.S. 477 (1994). *See id.* at 18.

The Court addresses the arguments in turn, beginning with whether Mr. Pastore has stated a claim for relief for any violation of federal law—*i.e.*, of the United States Constitution— in Claims 1–4. Although Claims 1, 3, and 4 also allege violations of the California Constitution, the Court will address those allegations in its subsequent discussion of Mr. Pastore's state law claims. The Court will construe all of Mr. Pastore's claims for violation of the United States Constitution under the framework of 42 U.S.C. § 1983. The Court will then turn to the *Monell*, preclusion, and *Heck* arguments.[3]

---

[3] Defendants did not raise the *Monell* argument in their motion to dismiss the FAC, and Federal Rule of Civil Procedure 12 generally prohibits defendants who fail to assert a failure-to-state-a-claim defense in a pre-answer Rule 12 motion from asserting the defense in a later pre-answer Rule 12 motion. *See* Fed. R. Civ. P. 12(g)(2), (h)(2); *see also In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 318 (9th Cir. 2017). However, the Ninth Circuit has recognized that "[d]enying late-filed Rule 12(b)(6) motions . . . can produce unnecessary and costly delays," and has stated that it will "generally be forgiving of a district court's ruling on the merits of a late-filed Rule 12(b)(6) motion." *In re Apple*, 846 F.3d at 318–19; *see also, e.g.*, *Alaei v. Gov't Emps. Ins. Co.*, No. 20-cv-00262, 2021 WL 5303268, at *4 (S.D. Cal. Nov. 15, 2021) ("A district court may exercise its discretion to adjudicate a defense or objection that would normally be foreclosed by Rule 12(g)(2) if doing so advances the efficient administration of cases.") (citing *In re Apple*, 846 F.3d at 319). Given this guidance, the Court may address Defendants' *Monell* argument despite their prior failure to raise the available argument, but the point becomes moot as the Court need not reach the arguments.

Case No.: 15-cv-01844-EJD
ORDER GRANTING MOT. DISMISS SECOND AM. COMPL.
9

### A. Federal Claims

#### 1. Claim 1 (Violation of First Amendment Right to Petition Government for Redress of Grievance)

Mr. Pastore alleges that Defendants' code-enforcement actions in 2014 constituted unlawful retaliation for his prior exercises of the right to bring legal action against the County. *See* SAC ¶¶ 19–24. The three elements required to state a § 1983 claim for retaliation for a plaintiff's exercise of First Amendment rights are (1) engagement in a constitutionally protected activity; (2) resulting subjection by the defendant to adverse action that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) a substantial causal relationship between the constitutionally protected activity and the adverse action. *Blair v. Bethel Sch. Dist.*, 608 F.3d 540, 543 (9th Cir. 2010) (citing *Pinard v. Clatskanie Sch. Dist. 6J*, 467 F.3d 755, 770 (9th Cir. 2006)). In the FAC Order, the Court noted that Defendants did not challenge the first element, and held that Mr. Pastore had adequately stated the second but not the third element. *See* FAC Order 10–13. Specifically, the Court held that Mr. Pastore's allegations of a previous lawsuit and settlement were devoid of any facts as to the timing of these events, and therefore did not establish that Mr. Pastore had engaged in protected activity prior to the April 2014 inspection of Parcel 13, let alone a substantial causal relationship between the protected activity and the County's code enforcement actions. *See id.*

The SAC now alleges that Mr. Pastore filed lawsuits against the County in May 1998 and June 2008—asserting claims such as unlawful search of his property, unlawful seizure of his person and property, and unlawful destruction of his property—in which he won financial settlements for $35,000 and $13,000, respectively. *See* SAC ¶ 7. The SAC alleges that these lawsuits and settlements were the reasons for Defendants' 2014 code enforcement actions. *Id.* ¶ 21. Defendants argue that Mr. Pastore's allegations describe lawsuits initiated approximately sixteen and six years before the County's April 2014 code enforcement actions, and that this temporal distance makes the lawsuits too attenuated to establish a substantial causal relationship between Mr. Pastore's prior protected activity and Defendants' challenged conduct. *See* Mot. 6–8. Defendants also assert that the County's code enforcement team "cannot be expected to forgo enforcing the County Code as to Pastore simply

Case No.: 15-cv-01844-EJD
ORDER GRANTING MOT. DISMISS SECOND AM. COMPL.
10

because he was previously involved in litigation against the County." *Id.* at 8.  Mr. Pastore counters that the SAC also alleges that the County's stated bases for initiating code enforcement in 2014—a citizen complaint and illegal logging—were false, so that Defendants had no reasonable and principled basis for the code enforcement independent of retaliation for Mr. Pastore's 1998 and 2008 lawsuits. *See* Opp'n 3–4.

As the Court noted in its prior order, Mr. Pastore's allegations as to the falsity of Defendants' stated bases for their code enforcement actions, taken as true for the purposes of a motion to dismiss, may permit an inference that the County had no proper basis for its actions.  *See* FAC Order 12.  But that inference does not mean, as Mr. Pastore appears to suggest, that the Court must accept the existence of a "substantial causal relationship" between the 1998 and 2008 lawsuits and the County's 2014 code enforcement actions.  *See Temple of 1001 Buddhas v. City of Fremont*, 588 F. Supp. 3d 1010, 1024 (N.D. Cal. 2022) ("The Court cannot infer a 'substantial causal relationship' merely because protected activity occurred and an enforcement action followed.").  Rather, Mr. Pastore must first "show that the 'protected conduct played a part, substantial or otherwise,' in [Defendants'] wrongdoing." *Boquist v. Courtney*, 32 F.4th 764, 777 (9th Cir. 2022) (quoting *Nieves v. Bartlett*, 587 U.S. 391, 139 S. Ct. 1715, 1722 (2019)).  The SAC contains no allegations suggesting a causal link between his prior lawsuits and Defendants' allegedly unlawful code enforcement actions, let alone a substantial causal relationship.  Where the causal connection between motive and conduct is not straightforward, "courts have also given weight to circumstantial evidence such as a proximity in time between the protected speech and the adverse action, the defendant's expression of opposition to the protected speech, and evidence that the defendant proffered false or pretextual explanations for the adverse action." *See id.* (citations omitted).

Here, there is no explanation of why Defendants might in 2014 have decided to conduct a retaliatory inspection based on lawsuits filed in 1998 and 2008.  Nor is there any suggestion that the County expressed opposition to Mr. Pastore's right to file the two suits.  And though Mr. Pastore alleges that Defendants falsely stated that they had legitimate bases for the 2014 inspections, *see, e.g.*, SAC ¶¶ 9–10, 14, Defendants have proffered judicially noticeable documents establishing that a jury

Case No.: 15-cv-01844-EJD
ORDER GRANTING MOT. DISMISS SECOND AM. COMPL.
11

convicted Mr. Pastore of a number of the investigated code violations, *see* Thompson Decl., Exh. G (order affirming jury verdict), ECF No. 64-1.  In light of these considerations and drawing all reasonable inferences in Mr. Pastore's favor, the Court finds that Mr. Pastore has not plausibly alleged that his 1998 and 2008 lawsuits and subsequent settlements had a substantial causal relationship to Defendants' 2014 code enforcement actions.  *See Nagast v. Dep't of Corr.*, 2012 WL 1458241, at *6 (C.D. Cal., Feb. 27, 2012) ("Absent some connection between Plaintiff's filing of the lawsuit and his receipt of a disciplinary infraction over one year later, the Court cannot infer that the disciplinary infraction (or any of the other subsequent bad things that happened to Plaintiff) was retaliatory."); *cf. Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (noting that "very close" temporal proximity may be sufficient evidence of causality and that "[a]ction taken . . . 20 months later suggests, by itself, no causality at all") (citations omitted).  Accordingly, the Court once again finds that Mr. Pastore has not stated a First Amendment claim for retaliation.  As the Court has already dismissed the claim on the same grounds, *see* FAC Order 13, it finds that further amendment would be futile, and the dismissal will be without leave to amend.

### 2. Claim 2 (Violation of Fourteenth Amendment Right to Equal Protection)

Mr. Pastore second claim for relief asserts that Defendants violated his equal protection right under the Fourteenth Amendment because Defendants treated his parcels differently from other similarly situated parcels.  *See* SAC ¶¶ 25–29.  The three elements required to state an equal protection claim for unique treatment, *i.e.*, a class-of-one equal protection claim, are (1) intentional treatment (2) of the plaintiff compared to other similarly situated individuals (3) without a rational basis.  *See Gerhart v. Lake County*, 637 F.3d 1013, 1022 (9th Cir. 2011) (citing *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).  With respect to the second element, "a class-of-one plaintiff must be similarly situated to the proposed comparator[s] in *all* material respects." *SmileDirectClub, LLC v. Tippins*, 31 F.4th 1110, 1123 (9th Cir. 2022) (emphasis added).  The Ninth Circuit described its statement of the standard in *SmileDirectClub* as "join[ing] our sister circuits," and cited cases requiring "an extremely high degree of similarity" and that "[t]he entities being compared

Case No.: 15-cv-01844-EJD
ORDER GRANTING MOT. DISMISS SECOND AM. COMPL.
12

*must be prima facie identical in all relevant respects.*" *See id.* (quoting, respectively, *Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006); *PBT Real Est., LLC v. Town of Palm Beach*, 988 F.3d 1274, 1285 (11th Cir. 2021)).

In the FAC Order, the Court held that Mr. Pastore had not alleged the specific existence of any comparable property owners treated differently by the County, so that he had not established the "similarly situated" element of the claim. *See* FAC Order 14–15. The SAC now alleges that:

> At the time of the COUNTY's actions as described hereinabove, there were at least six other vacant parcels accessible from the same road as PASTORE'S parcels, to wit Assessor's Parcel Numbers 106-331-06, 106-331-07, 106-331-08, 106-331-16, 106-331-22, and 106-331-24, that had similar zoning restrictions as PASTORE'S parcels, that similarly had no permitted residences or occupancy permits, that were similarly without fire hydrants or septic systems, that similarly had unpermitted grading, that were similarly using generators for power and propane for cooking, that were similarly being utilized to cultivate cannabis, and on information and belief, similarly had no citizen complaints at the time, against which the COUNTY did not engage in actions similar to those taken against PASTORE as described hereinabove.

SAC ¶ 26. Defendants argue that even considering this new allegation, the SAC does not meet the standard for showing different treatment of similarly situated individuals required to state an equal protection claim based on a class of one. *See* Mot. 8–11. Specifically, Defendants argue that Mr. Pastore does not allege that the six identified parcels were similar to Mr. Pastore's property on multiple material bases, including the nature and extent of the alleged violations on the other parcels; their proximity to Mr. Pastore's property, their specific zoning standards; their history of noncompliance with the County Code, if any; their size and geographic or geologic similarities, if any, to Mr. Pastore's property; the specific or unique circumstances of the owners or responsible parties associated with each property; and the extent of the County's code enforcement efforts, if any, as to the other parcels. *See id.* Defendants further argue that the code enforcement process is too inherently discretionary to permit a class-of-one claim. *See id.* at 9, 11. Mr. Pastore generally disagrees, and states that his allegations establish that the six other parcels were in close proximity to his own, as they have the same initial six digits of the parcel numbers as his own, and are accessible from the same road. *See* Opp'n 4–5. He further argues that the alleged similarities as

Case No.: 15-cv-01844-EJD
ORDER GRANTING MOT. DISMISS SECOND AM. COMPL.
13

1  to zoning restrictions, permitted residences, occupancy permits, fire hydrants, septic systems,

2  unpermitted grading, utilization of generators and propane for cooking, cannabis cultivation, and

3  lack of citizen complaints are sufficient to show the required degree of similarity. *See id.*

4  It appears to the Court that Mr. Pastore has failed to allege similarities on multiple material

5  grounds. The SAC states that the purported violations asserted by the County with respect to his

6  properties were grading, water pumping, cannabis cultivation, and the use of solar panels, batteries,

7  wiring, and backup generators. *See* SAC ¶¶ 9–10. Several of these violations, including water

8  pumping, solar panels, and the use of batteries and wiring, are not captured by Mr. Pastore's newly

9  alleged bases for comparison. *Compare id.*, *with id.* ¶ 26. In light of the Ninth Circuit's guidance as to

10 the degree of similarity required to state a class-of-one claim, the Court finds that Mr. Pastore has

11 failed to allege that his properties were "similarly situated to the proposed comparator[s] in all material

12 respects." *SmileDirectClub*, 31 F.4th at 1123; *see also Warkentine v. Soria*, 152 F. Supp. 3d 1269,

13 1294 (E.D. Cal. 2016) ("Strict enforcement of the similarly-situated requirement is a vital way of

14 minimizing the risk that, unless carefully circumscribed, the concept of a class-of-one equal protection

15 claim could effectively provide a federal cause of action for review of almost every executive and

16 administrative decision made by state actors.") (internal quotations and citation omitted). Further, at

17 least one of the alleged similarities—that of zoning restrictions—appears insufficiently specific. *See*

18 *Bd. of Trs. of Leland Stanford Junior Univ. v. County of Santa Clara*, 2019 WL 5087593, at *6 (N.D.

19 Cal. Oct. 10, 2019) (finding allegations that comparator was "zoned for the same types of housing"

20 too general for class-of-one equal protection claim).

21 Accordingly, the Court finds that Mr. Pastore has failed to state a claim for violation of his

22 equal protection rights under a class-of-one theory due to insufficient allegations regarding the

23 existence of similar comparators. Because the Court previously dismissed this claim for the same

24 reason, it finds that amendment would be futile. The Court will therefore dismiss this claim without

25 leave to amend.

26         **3.      Claim 3 (Violation of Fifth Amendment Right Against Taking)**

27 Mr. Pastore's third claim asserts a taking in violation of the Fifth Amendment. *See* SAC

28 Case No.: 15-cv-01844-EJD
ORDER GRANTING MOT. DISMISS SECOND AM. COMPL.
14

¶¶ 30–35.  "A property owner has an actionable Fifth Amendment takings claim when the government takes his property without paying for it." *Knick v. Township of Scott*, 588 U.S. 180, 185 (2019).  There are "three basic categories of regulatory action that generally will be deemed a taking for Fifth Amendment purposes: where government requires an owner to suffer a permanent physical invasion of property; where a regulation deprives an owner of all economically beneficial use of property; and where the *Penn Central* factors are met, *Penn Central Transp. Co. v. New York City*, 438 U.S. 104 (1978)." *Crown Point Dev., Inc. v. City of Sun Valley*, 506 F.3d 851, 855 (9th Cir. 2007) (footnote omitted).  Further, "for a takings claim to be ripe, a Plaintiff 'must demonstrate (1) that the government entity charged with implementing the regulations has reached a final decision regarding the application of the [challenged] regulations to the property at issue, and (2) that she sought compensation through the procedures the State has provided.'" *Shanko v. Lake County*, 116 F. Supp. 3d 1055, 1062 (N.D. Cal. 2015) (quoting *Adam Bros. Farming v. County of Santa Barbara*, 604 F.3d 1142, 1147 (9th Cir. 2010)).

In the FAC Order, the Court (1) dismissed Mr. Pastore's taking claim with respect to the property confiscated by the County without leave to amend because the conduct was held to be authorized by County Code, and (2) dismissed as unripe any taking claim based on an anticipated denial of future permits.  *See* FAC Order 16–17.  The Court permitted leave to amend only "to the extent Mr. Pastore is able to allege that he has applied for and been denied a permit to build a residence on the Properties." *Id.* at 17.  As Defendants note, the SAC does not include any new allegation regarding the application for and denial of a permit to build a residence.  *See* Mot. 14.  Mr. Pastore argues that the SAC now alleges that the County denied his applications for electrical and solar permits to pump water from his permitted well.  *See* Opp'n 5–6; SAC ¶ 17.  The relevant allegation states that Mr. Pastore applied for the electrical permit in 2010, and the solar permit "[s]hortly thereafter." SAC ¶ 17.  Accordingly, to the extent Mr. Pastore's takings claim is based on anything other than the denial of the newly alleged electrical and solar permits, it will be dismissed without leave to amend based on the lack of new allegations.

With respect to any takings claim based on the electrical and solar permit denials, the

Case No.: 15-cv-01844-EJD
ORDER GRANTING MOT. DISMISS SECOND AM. COMPL.
15

Court notified Mr. Pastore on May 17, 2024, that it intended to dismiss this claim *sua sponte* as time-barred under the applicable two-year statute of limitations. *See* ECF No. 69; *see also Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1026 (9th Cir. 2007) ("It is well-established that claims brought under § 1983 borrow the forum state's statute of limitations for personal injury claims, and in California, that limitations period is two years.") (internal citations omitted). Mr. Pastore timely filed an opposition on May 28, 2024, stating that he applied for the solar permit after December 11, 2013 and was subsequently denied that permit within two years of filing this action. *See* Not. Opp'n 1, ECF No. 70. Mr. Pastore further states that he "has additionally discovered" two more permit applications that he submitted after filing this action and that the County has denied. *See id.* at 2. Mr. Pastore accordingly requests leave to further amend his complaint to allege the dates of the relevant permit applications and denials. *See id.*

In addition to the deficiencies in the SAC with respect to the dating of the allegations regarding the permit denials, Mr. Pastore has failed to allege facts demonstrating that his takings claim is ripe. That is, the SAC alleges neither a final decision by the County as to the challenged permitting issues—and Mr. Pastore's statement that he has continued to apply for permits since the inception of this suit suggests the lack of a final decision—nor that Mr. Pastore sought compensation through any formal procedure. *See generally* SAC. The Court will therefore dismiss Mr. Pastore's takings claim based on the permitting denials. The Court will grant Mr. Pastore leave to amend this claim one last time, if he so wishes, and *only* to include facts regarding (a) the timing of his permit applications and denials and (b) the ripeness of this claim, *i.e.*, a final decision by the County and Mr. Pastore's past efforts to seek compensation for the alleged taking.

### 4. Claim 4 (Violation of Fourteenth Amendment Right to Due Process)

Mr. Pastore's final federal claim asserts a violation of his Fourteenth Amendment right to substantive and procedural due process. *See* SAC ¶¶ 36–41. The Court previously dismissed Mr. Pastore's substantive due process claim without leave to amend, and thus does not address that claim here. *See* FAC Order 20–21. With respect to Mr. Pastore's procedural due process claim, the Court permitted leave to amend only if Mr. Pastore could add allegations regarding a

Case No.: 15-cv-01844-EJD
ORDER GRANTING MOT. DISMISS SECOND AM. COMPL.
16

1   procedural defect in the administrative hearings related to the two abatement orders issued as part
2   of the County's code enforcement actions in 2014.  *See id.* at 18–20.

3   As Defendants argue, Mr. Pastore has added no such allegations.  *See* Mot. 11–13.  Mr.
4   Pastore has included an allegation in the SAC related to a purported conflict of interest held by the
5   individual presiding over Mr. Pastore's appeal of the denial of his affirmative tort claim based on
6   the County's code enforcement actions.  *See* SAC ¶ 11.  This allegation is irrelevant to whether the
7   Defendants "violated [Mr. Pastore's procedural due process rights by depriving him of his
8   property without notice and without an opportunity for a meaningful hearing."  SAC ¶ 38.
9   Because Mr. Pastore has not included any relevant new allegations to the SAC, the Court will
10  dismiss the procedural due process claim without leave to amend.

**B.   State Claims (Constitutional and Common Law)**

Mr. Pastore's remaining claims allege trespass, conversion, and violations of the California Constitution. *See* SAC ¶¶ 19–24, 30–49.  Because the Court dismisses all federal claims and the parties are not diverse, it has subject matter jurisdiction over the state claims only if it exercises supplemental jurisdiction.  *See Foster v. Wilson*, 504 F.3d 1046, 1051 (9th Cir. 2007) ("The decision whether to continue to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed lies within the district court's discretion.") (citing 28 U.S.C. § 1367(c)(3)); *see also Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (noting that federal courts have an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party") (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)).

"In determining whether to exercise supplemental jurisdiction, the court should balance 'judicial economy, convenience, fairness, and comity.'"  *Ramirez v. Lococo's Cucina Rustica*, No. 16-cv-04362, 2018 WL 368559, at *4 (N.D. Cal. Jan. 10, 2018) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)).  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ.*, 484 U.S. at

Case No.: 15-cv-01844-EJD
ORDER GRANTING MOT. DISMISS SECOND AM. COMPL.
17

350 n.7.  However, the balance of the four factors may favor retention of supplemental jurisdiction when, for example, a court has invested considerable resources on the state law claims.  *See Ramirez*, 2018 WL 368559, at *4 (citing cases).

The Court previously addressed these four factors and declined to exercise supplemental jurisdiction over the state law claims.  *See* FAC Order 21–23.  No intervening event has changed the Court's reasoning that judicial economy favors dismissal because the Court has not issued any prior substantive ruling on the state law matters; the convenience factor appears neutral; fairness favors retention of jurisdiction given the age of the case, but Mr. Pastore has a strong argument for equitable tolling of the statute of limitations on his claims related to the challenged 2014 actions; and comity favors dismissal because California courts have the primary responsibility of determining questions of California law.  *See Ramirez*, 2018 WL 368559, at *4 (noting that dismissal of case "does not offend principles of judicial economy" where court had not issued substantive rulings on state law matters and pending motion was first contested motion in action); *see also, e.g.*, *Ward v. Cal. Dep't of Corr. & Rehabilitation*, No. EDCV 10–856, 2016 WL 9724965, at *5 (C.D. Cal. Mar. 8, 2016) ("[P]rimary responsibility for developing and applying state law rests with the state courts.") (quoting *Armstrong ex rel. Steffensen v. Alicante Sch.*, 44 F. Supp. 2d 1087, 1090 (E.D. Cal. 1999)); *Penny v. Bastuba*, No. 21-CV-630, 2021 WL 4993483, at *3 (S.D. Cal. Oct. 26, 2021) (same).

Accordingly, the Court will dismiss Mr. Pastore's state law claims without prejudice to their refiling in state court.

V. **CONCLUSION**

For the foregoing reasons, the Court hereby ORDERS as follows:

1. Mr. Pastore's federal constitutional claims under the First and Fourteenth Amendments for violations of his right to petition the government, right to equal protection, and right to due process are DISMISSED WITHOUT LEAVE TO AMEND;

2. Mr. Pastore's federal constitutional claim under the Fifth Amendment for a taking

Case No.: 15-cv-01844-EJD
ORDER GRANTING MOT. DISMISS SECOND AM. COMPL.
18

      is DISMISSED WITH LEAVE TO AMEND. Mr. Pastore may, if he so chooses, amend his complaint ONLY to include allegations regarding the dates of his three relevant permit applications and denials and the ripeness of this claim.

3. Mr. Pastore's state constitutional and common law claims are DISMISSED for lack of subject matter jurisdiction.

4. Any amended complaint is due by **June 17, 2024**. Any amended complaint must remove all claims dismissed without leave to amend.

5. If Mr. Pastore does not file an amended complaint, the Court will dismiss this action. The state constitutional and common law claims will be dismissed without leave to amend in this Court, but without prejudice to being refiled in state court.

**IT IS SO ORDERED.**

Dated: June 5, 2024

EDWARD J. DAVILA
United States District Judge

Case No.: 15-cv-01844-EJD
ORDER GRANTING MOT. DISMISS SECOND AM. COMPL.
19